**IRISH NATIONAL INSURANCE COMPANY, LIMITED, Plaintiff-Appellant,**

v.

**AER LINGUS TEORANTA, d/b/a Aer Lingus-Irish Airlines, Defendant-Appellee.**

**Cal. No. 1172, Docket 84–7140.**

United States Court of Appeals, Second Circuit.

Argued May 7, 1984.

Decided July 13, 1984.

John R. Foster, New York City (Waesche, Sheinbaum & O'Regan, New York City, of counsel), for plaintiff-appellant.

Michael J. Holland, New York City (Condon & Forsyth, Stephen J. Fearon and Eugene Massamillo, New York City, of counsel), for defendant-appellee.

---

Speiser & Krause, New York City (Frank H. Granito, Jr. and Mark A. Pullano, New York City, on the brief), for amici curiae.

Before OAKES, VAN GRAAFEILAND and PIERCE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

The doctrine of *forum non conveniens* ostensibly is invoked to determine in which of two jurisdictions a case should be tried. In some instances, however, invocation of the doctrine will send the case to a jurisdiction which has imposed such severe monetary limitations on recovery as to eliminate the likelihood that the case will be tried. When it is obvious that this will occur, discussion of convenience of witnesses takes on a Kafkaesque quality—everyone knows that no witnesses ever will be called to testify. This appears to be such a case.

The Irish National Life Insurance Company appeals from a judgment of the United States District Court for the Eastern District of New York (Sifton, J.), dismissing appellant's lawsuit against Aer Lingus-Irish Airlines on the ground of *forum non conveniens*. Appellant sued as subrogated insurer to recover $125,000 for damages allegedly sustained by its insured, Analog Devices, B.V., when a package containing integrated circuits, flown by Aer Lingus from Shannon, Ireland to New York, was delivered in a damaged condition.

In an affidavit submitted in support of appellee's motion to dismiss, its counsel stated, "it is transparently clear that the reason this case was filed in the United States was to avoid the impact of [*Corocraft Ltd. v. Pan American Airways, Inc.,* [1969] 1 Q.B. 648 (C.A.1968), *leave to appeal to House of Lords dismissed,* [1969] 1 Q.B. 658] which would, had this action been properly brought in the United Kingdom or Ireland, have limited plaintiff to damages to U.S. $260." The district court agreed, holding that "the real purpose for bringing this action in New York does not appear to be to vindicate this forum's interest in improving New York as a point of entry, but rather to avoid the possibility that application of Irish law will result in a smaller recovery for plaintiff as a result of law in that forum with respect to the limitation of liability provisions of the Warsaw Convention."

If the foregoing statements are true, the real issue before the district court was not whether the case should be tried in Ireland, but whether it would be tried at all. Nevertheless, feeling bound by this Court's decision in *Alcoa Steamship Co., Inc. v. M/V Nordic Regent,* 654 F.2d 147, 159 (2d Cir.1978) (en banc), *cert. denied,* 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980), the district court proceeded to weigh the merits of a trial in Ireland against a trial in America just as if the former were likely to occur. Although the procedure smacks somewhat of a legal charade, we will proceed on the same assumption.

Under the terms of the Warsaw Convention, which furnishes the legal basis for appellant's claim, *see Benjamins v. British European Airways,* 572 F.2d 913, 916 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979), appellant was permitted to bring its action "before the court at the place of destination", which, in this case, was New York. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air (Warsaw Convention), art. 28(*l*), *opened for signature,* Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 1502 note; *Mertens v. Flying Tiger Line, Inc.,* 341 F.2d 851, 854–55 (2d Cir.), *cert. denied,* 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965). Although *amici curiae* would have us hold that the district court could not invoke the doctrine of *forum non conveniens* to deprive appellant of this right to litigate in the United States, we see no need to decide that issue in the instant case.

Under the terms of a separate treaty between the United States and Ireland, appellant was entitled to "national treatment with respect to ... having access to the courts of justice..., both in pursuit and in defense of [its] rights." Treaty of Friendship, Commerce and Navigation, Jan. 21,

1950, United States-Ireland, art. VI(1)(c), 1 U.S.T. 785, 790–91, T.I.A.S. No. 2155, at 8. Because of the existence of the two international compacts, the district court should have applied the same *forum non conveniens* standards that it would have applied to a United States citizen. *Alcoa Steamship Co. v. M/V Nordic Regent, supra,* 654 F.2d at 152; *Farmanfarmaian v. Gulf Oil Corp.,* 588 F.2d 880, 882 (2d Cir.1978). It specifically failed to do so, and this failure tainted its entire holding.

■ Moreover, we find no support in the record for the district court's statement, "it is not disputed that most of the significant sources of proof in this case are located in Ireland." The letters attached to appellant's answering affidavit indicate quite clearly that the major factual issues in this litigation concern incidents which occurred in New York. Analog's package was received by appellee at Shannon Airport "in apparent good order and condition." When the package was delivered to Analog in New York, it appeared that a joint of the carton had either burst open or had been opened by United States Customs, and it was sealed together with Aer Lingus tape. Obviously, this could not have occurred before the package was delivered to Aer Lingus for shipment. Indeed, it is appellee's contention that the damage to the package occurred after it was delivered to Customs officials at Kennedy Airport. The coincidence of damage to both package and contents and the use of Aer Lingus tape to repair the former create nagging questions which cannot be answered by Irish witnesses.

Although the statement of "apparent good order" in appellee's waybill will not relieve appellant of the burden of proving the condition of the package's contents when it was delivered to appellee, *see* Warsaw Convention, art. 11; *Caemint Food, Inc. v. Lloyd Brasileiro, Companhia de Navegacao,* 647 F.2d 347, 352–54 (2d Cir. 1981), if the integrated circuits were properly packaged and delivered, it will be a relatively simple matter for appellant to prove this. The major evidentiary dispute will center on the events at Kennedy Airport.

In view of the fact that appellee's planes fly regularly between New York and Ireland, we do not share the district court's concern about the possibility that appellee's counsel might have to fly to Ireland to take testimony, especially since appellant has indicated its willingness to pay the expense of such attendance.

■ Although the Supreme Court has emphasized the broad discretion of the district courts in deciding whether to dismiss on the basis of *forum non conveniens, see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981), there would be little purpose in Congress giving this Court a power of review if it was not a meaningful one. *See Omega Importing Corp. v. Petri-Kine Camera Co.,* 451 F.2d 1190, 1197 (2d Cir.1971); *W.E. Bassett Co. v. Revlon, Inc.,* 354 F.2d 868, 871 (2d Cir.1966); *Carroll v. American Federation of Musicians,* 295 F.2d 484, 488 (2d Cir.1961). A meaningful power of review is the right to determine whether the district court reached an erroneous conclusion on either the facts or the law. *Coca-Cola Co. v. Tropicana Products, Inc.,* 690 F.2d 312, 314–16 (2d Cir. 1982); *National Association of Letter Carriers v. Sombrotto,* 449 F.2d 915, 921 (2d Cir.1971); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 384 (2d Cir.1968); *Carroll v. American Federation of Musicians, supra,* 295 F.2d at 488–89. Because we are convinced that the district court in the instant case did both, the judgment of the district court is reversed.